UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MICHELLE RENEE MLADEK,                      Case No.: 17−10948−tr7

    Debtor.

THE ESTATE OF WAYNE MARSHALL
COLEMAN,

    Plaintiff,

v.                                                        Adversary No. 17−01047−t

MICHELLE RENEE MLADEK,

    Defendant.

## **OPINION**

Before the Court is Defendant's motion to dismiss Plaintiff's nondischargeability complaint for lack of subject matter jurisdiction and for failure to state a claim. The Court concludes it has jurisdiction over the dispute, and also that the complaint sufficiently states a proper claim for relief, with sufficient particularity. Defendant's motion therefore will be denied.

### I.     FACTS

The Court treats the following facts as true for the limited purpose of ruling on the motion:

    1.     Defendant filed her chapter 7 petition on April 18, 2017, commencing this case.

    2.     The Estate of Wayne Marshall Coleman, acting through its personal representative Velma Morgan (the "Plaintiff"), brought this this adversary proceeding against Defendant on June

21, 2017. By the complaint, Plaintiff seeks a declaration that its claim against Defendant is nondischargeable under § 523(a)(2)(A).[1]

3. Defendant owns and is the president of a New Mexico limited liability company named The Hand of God, LLC ("THG").

4. On September 17, 2014, THG, acting through Defendant, filed a document entitled "Lien" in the real estate records of Otero County, New Mexico, instrument no. 201406690.

5. The Lien purported to encumber the following real property:

> Lot 26 in the M.M. Guess Subdivision of Block 96 of the Town of Alamogordo, as shown by the official map of said subdivision on file in the office of the County Clerk of Otero County, New Mexico,

commonly known as 1203 Puerto Rico, Alamogordo, New Mexico 88310 (the "Property").

6. The Property is owned by Plaintiff.

7. Attached to the Lien is a sworn affidavit of Defendant. In the affidavit, Defendant avers that she purchased four Otero County tax liens encumbering the Property:

| Year | Tax Lien Amount |
|------|-----------------|
| 2010 | $157.00 |
| 2011 | $423.51 |
| 2012 | $280.84 |
| 2013 | $251.53 |
| Total | $1,112.88 |

8. Defendant further avers that THG invested an additional $2,734 in the Property.

9. Finally, Defendant avers:

> Lienholder claims a financial interest in this real property in the amount of $3486.88, excluding the interest to incur at 18% annual interest from the date of filing this lien. In doing so, the Hand of God, LLC now has a financial interest in the above referenced property and is seeking clean and clear title.

---

[1] Unless otherwise noted, all statutory references are to 11 U.S.C.

10. On September 27, 2014, THG filed an action in New Mexico's Twelfth Judicial District Court, seeking to quiet title to the Property in THG. THG served Plaintiff with the summons and complaint in the quiet title action.

11. Plaintiff filed a counterclaim against THG and Defendant in the quiet title action. On December 17, 2014, Plaintiff filed a petition in the quiet title action to cancel the Lien.

12. The state court held a hearing on Plaintiff's petition on January 20, 2015. On April 22, 2015, the state court entered an order canceling the Lien.

13. In addition, the state court awarded Plaintiff $5,000 in damages and $4,133.83 in attorney fees.

14. Implicit or explicit in the court's ruling was that Defendant did not, in fact, own a valid lien on the Property, and had not purchased any tax liens.

15. On July 25, 2016, Plaintiff filed a motion for summary judgment, requesting that the state court enter a damages judgment against Defendant.

16. The state court held a hearing on Plaintiff's summary judgment motion on January 17, 2017. The Court does not have a transcript. However, the State Court's "Register of Actions" states: "GRANTED MOTION FOR SUMMARY JUDGMENT; ORTIZ TO DRAFT ORDER."

17. Defendant filed this case before a judgment was entered.

18. Defendant filed the motion on September 11, 2017, arguing that the Court lacks subject matter jurisdiction over the dispute, and that Plaintiff's complaint fails to state a claim upon which relief may be granted and lacks particularity.

## II. DISCUSSION

A. Jurisdiction.

1. General. Federal courts are courts of limited jurisdiction. They may only hear cases authorized in the Constitution and conferred by a jurisdictional grant from Congress. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). Plaintiffs generally bear the burden of demonstrating a court's jurisdiction to hear his or her claims. *Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001).

2. Rule 12(b)(1).[2] Rule 12(b)(1) allows a party to argue, by motion, that a court lacks jurisdiction over the subject matter of a claim. Such motions "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Defendant's motion is a facial attack on the Court's subject matter jurisdiction. As such, the Court must consider the complaint's allegations to be true. *See Ruiz*, 299 F.3d at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.1981).

3. *Stern v. Marshall*. Defendant argues that the Court lacks jurisdiction to hear Plaintiff's claims under *Stern v. Marshall*, 564 U.S. 462 (2011). *Stern* held that a bankruptcy court lacked authority to enter final judgment on a debtor's state law counterclaim simply because the creditor filed a (largely) unrelated proof of claim. *Id*. at 502. The *Stern* court noted that the debtor's counterclaim did not invoke the claims allowance process, any public right, or involve the restructuring of the debtor-creditor relationship. 564 U.S. at 499. Rather, the counterclaim sought to augment the bankruptcy estate. *Id*. *See also In re Davis*, 538 Fed. Appx. 440, 443 (5th Cir. 2013)

---

[2] Here, "Rule" means the Federal Rules of Civil Procedure and "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

(*Stern* holding applies to unrelated bankruptcy estate counterclaims against creditors filing proofs of claim); *In re Matrix Imaging Servs. Inc.*, 479 B.R. 182, 192 (Bankr. S.D. Ga. 2012) (to the same effect).

4. <u>The Post-*Stern* Two-Prong Test</u>. Since *Stern* was handed down, bankruptcy courts have used the following test to determine whether they have jurisdiction to enter final judgments in adversary proceedings:

- Is the proceeding statutorily "core" under 28 U.S.C. § 157; and
- Does the action stem from the bankruptcy itself, or must it necessarily be resolved in the claims allowance process?

Tyson Christ, *Stern v. Marshall*: Application of the Supreme Court's Landmark Decision in the Lower Courts, 86 Am. Bankr. L.J. 627, 636-37 (2012). *See also In re Doctors Hosp. of Hyde Park, Inc.,* 507 B.R. 558 (Bankr. N.D. Ill. 2013) (stating and applying the test); *Bank of America v. Brier Creek Corporate Center Assoc. (In re Brier Creek Corp. Center Assoc.),* 2013 WL 492461, at *3 (Bankr. E.D.N.C.); *Steinle v. Trico Real Estate, L.P. (In re CCI Funding I, LLC)*, 2012 WL 3421173, at *6 (Bankr. D. Colo.); *Somerset Props. SPE, LLC v. LNR Partners, Inc. (In re Somerset Props. SPE, LLC)*, 2012 WL 3877791, at *4 (Bankr. E.D.N.C.) ("[i]f the issue is statutorily core and meets one of the two prongs of the *Stern* test, then the court may enter a final order on the issue."). The test comes from *Stern*. *See* 564 U.S. at 499 ("the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.").

The test is consistent with the holding of other courts that *Stern* should be applied "narrowly." *See, e.g. Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1045-46 (9th Cir. 2014), *citing Burtch v. Seaport Capital, LLC (In re Direct Response Media, Inc.)*, 466 B.R. 626, 644 (Bankr. D. Del.) (court adopted a "narrow interpretation" of *Stern*).

5. <u>Nondischargeability Actions</u>.

The case law is uniform that bankruptcy courts have jurisdiction, *Stern* notwithstanding, to adjudicate nondischargeability actions. *See, e.g., Deitz v. Ford*, 760 F.3d at 1045; *Hart v. Southern. Heritage Bank (In re Hart)*, 564 Fed. Appx. 773, 776 (6th Cir. 2014); *Cai v. Shenzhen Smart–In Industry Co., Ltd. (In re Cai)*, 571 Fed. Appx. 580, 583 (9th Cir. 2014); *Dragisic v. Boricich (In re Borich)*, 464 B.R. 335, 336-37 (Bankr. N.D. Ill. 2011); *Mich. St. Univ. Fed. Credit Union v. Ueberroth (In re Ueberroth),* 2012 WL 8021719, at *1 (W.D. Mich. 2012); *Farooqi v. Carroll (In re Carroll),* 464 B.R. 293 (Bankr. N.D. Tex. 2011); and *Christian v. Soo Bin Kim (In re Soo Bin Kim)*, 2011 WL 2708985, at *2 (Bankr. W.D. Tex. 2011).

"'[D]eterminations as to the dischargeability of particular debts . . .' are expressly included in the statutory list of core proceedings. 28 U.S.C. § 157(b)(2)(I)." *Deitz v. Ford,* 760 F.3d at 1043. "As a result, Congress has provided that the bankruptcy court may enter a final judgment on exception to discharge claims, subject only to appellate review. 28 U.S.C. § 157(b)(2)(I)." *Id.* "[T]he bankruptcy court, via the reference from the district court, has the exclusive authority to determine the dischargeability of debts under § 523(a)(2), (4) and (6)." *Id.*

There "'can be little doubt that [a bankruptcy court], as an Article I tribunal, has the constitutional authority to hear and finally determine what claims are non-dischargeable in a bankruptcy case.'" *Id.* at 1046 *(quoting Farooqi*, 464 B.R. at 312).

> Determining the scope of the debtor's discharge is a fundamental part of the bankruptcy process. . . . The Supreme Court has never held that bankruptcy courts are without constitutional authority to hear and finally determine whether a debt is dischargeable in bankruptcy. In fact, the Supreme Court's decision in *Stern* clearly implied that bankruptcy courts have such authority . . . .

*Id.* at 1046 (quoting *Farooqi,* 464 B.R. at 312).

6. <u>Jurisdiction to Determine the Claim Amount</u>. The jurisdiction of bankruptcy courts to determine nondischargeability claims extends to liquidating, and entering judgment for, the claims. *See Deitz v. Ford,* 760 F.3d at 1050; *Hart v. Southern Heritage Bank*, 564 Fed. Appx. at 776; *Cai v. Shenzhen*, 571 Fed. Appx. at 583; *In re Saenz*, 2016 WL 9021733, at *3 (Bankr. S.D. Tex.) (collecting cases); *In re Bishop*, 2017 WL 3912948, at *6 (Bankr. M.D. Fla.) (citing *Saenz*); *Smyrna Childcare Centers v. Melton (In re Melton)*, 2013 WL 2383657, at *2 (Bankr. N.D. Ga.).

The Court concludes that it has jurisdiction to hear Plaintiff's claims against Defendant.

B. <u>Failure to State a Claim</u>.

1. <u>Rule 12(b)(6)</u>: Defendant argues that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) (made applicable by Bankruptcy Rule 7012). The Court disagrees. Rule 12(b)(6) requires the Court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The Court has reviewed Plaintiff's complaint, and concludes that is states a proper cause of action for nondischargeability under § 523(a)(2)(A).

C. <u>Lack of Particularity</u>.

Finally, Defendant argues that the complaint should be dismissed because claims for fraud are subject to heightened pleading requirements. Rule 9(b) (made applicable by Bankruptcy Rule 7009) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

"The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct . . . and to be construed as to do substantial justice." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Rule 9(b) requires only the identification of the "circumstances constituting fraud"; it does not require "any particularity in connection with an averment of intent, knowledge or condition of mind." *Id.*

> [There is a] distinction between the pleading of the "circumstances of the fraud," as required by the rule, and the pleading of "facts." Although circumstances may consist of facts, the obligation to plead circumstances should not be treated as requiring allegations of facts in the pleading, and neither Rule 8 nor Rule 9(b) requires fact pleading, although, realistically, that often will be the easiest way to present the necessary material regarding the alleged fraud.

5A Wright & Miller, Fed. Prac. & Proc. § 1298 (text accompanying note 18). "Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz*, 124 F.3d at 1252 (citations and quotation marks omitted). *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990) (although states of mind may be pleaded generally, the circumstances or the "who, what, when, where, and how" must be pleaded in detail).

The purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claims and the factual ground upon which they are based. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "[T]he most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b)…is the

determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." *Id*. (quoting 5A Wright & Miller § 1298 (text accompanying note 38)).

Here, the basic facts and requested relief are readily ascertainable from the complaint. Defendant has full knowledge of what this adversary proceeding is about and whether none, some, or all of the allegations are true. The allegations are sufficient to enable Defendant to file an answer and defend herself. In fact, Defendant has already defended these allegations in the quiet title action, and is well aware of the evidence against her. The Court finds that the complaint states the circumstances of the alleged fraud with sufficient particularity.

### III. CONCLUSION

The Court has jurisdiction to hear and determine Plaintiff's nondischargeability claim against Defendant, including the liquidation of any nondischargeable amount due. Plaintiff's complaint states a proper cause of action under § 523(a)(2)(A), and is plead with sufficient particularity. Defendant's motion therefore will be denied, by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: November 9, 2017

Copies to:

Eric Ortiz
510 Slate Ave. NW
Albuquerque, NM 87102

Michelle Renee Mladek
1715 Gambel Quail Drive
El Paso, TX 79936